IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICAH STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13-CV-02578-HEA |
| | ) | |
| McGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, a New York Corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant McGraw-Hill Global Education Holdings, LLC ("Defendant" or "MHE"), improperly identified in the caption as a "New York Corporation," for its answer and affirmative defenses to the First Amended Complaint ("Amended Complaint") of Plaintiff Micah Stone ("Plaintiff"), states as follows:

As to the first unnumbered paragraph: Denies each and every allegation contained in the first unnumbered paragraph of the Amended Complaint, except admits that Plaintiff purports to bring claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, as amended ("Title VII"), 42 U.S.C. § 1981, and Missouri Revised Statutes ("RSMo") § 213.010 *et seq.*

### JURISDICTION

1. Admits the allegations contained in Paragraph 1 of the Amended Complaint.

2. Admits the allegations contained in Paragraph 2 of the Amended Complaint, except denies the material allegations contained in the charge of discrimination filed with the

Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights, on March 19, 2012.

      3.      Admits the allegations contained in Paragraph 3 of the Amended Complaint, except denies the material allegations contained in the amended charge of discrimination filed with the EEOC and with the Missouri Commission on Human Rights, on June 2012.

      4.      Admits the allegations contained in Paragraph 4 of the Amended Complaint.

## PARTIES

      5.      Denies knowledge and information sufficient to form a belief as to what Plaintiff defines as "all times material hereto" in Paragraph 5 of the Amended Complaint, except admits that Plaintiff is a black American male citizen of the United States and that certain of the acts alleged in the Amended Complaint occurred within the Eastern District of Missouri.

      6.      Denies each and every allegation contained in Paragraph 6 of the Amended Complaint, except avers that Defendant formerly did business as a business segment of The McGraw-Hill Companies, Inc., and that Defendant and/or its predecessors have done business in the City and County of St. Louis, Missouri and in other states of the United States.

      7.      Denies each and every allegation contained in Paragraph 7 of the Amended Complaint, except admits that Defendant is an employer as defined in 42 U.S.C. § 2000e(b) of Title VII of the Civil Rights Act of 1964.

## COUNT I
## TITLE VII COMPENSATION

MHE incorporates by reference its answers to the allegations contained in Paragraphs 1 through 7 set forth above as though fully set forth herein.

1178/51651-012 current/42585203v6

8.   Denies each and every allegation in Paragraph 8 of the Amended Complaint, except admits that The McGraw-Hill Companies, Inc. hired Plaintiff in February 2007 into the position of Sales Representative, and that Plaintiff received awards and accolades as a Sales Representative.

9.   Denies each and every allegation contained in Paragraph 9 of the Amended Complaint, except admits that on September 15, 2011, The McGraw-Hill Companies, Inc. promoted Plaintiff to the position of Learning Solutions Consultant ("LSC") in its Learning Solutions Division, where Plaintiff reported directly to Elizabeth Wildes, Learning Solutions Manager.

10.  Denies each and every allegation contained in Paragraph 10 of the Amended Complaint.

11.  Denies each and every allegation contained in Paragraph 11 of the Amended Complaint.

12.  Denies each and every allegation contained in Paragraph 12 of the Amended Complaint.

13.  Denies each and every allegation and assumption contained in Paragraph 13 of the Amended Complaint.

14.  Denies each and every allegation contained in Paragraph 14 of the Amended Complaint.

## COUNT II
## TITLE VII – HOSTILE WORK ENVIRONMENT

MHE incorporates by reference its answers to the allegations contained in Paragraphs 1 through 14 set forth above as though fully set forth herein.

1178/51651-012 current/42585203v6

15. Denies each and every allegation contained in Paragraph 15 of the Amended Complaint, except as expressly stated in sub-paragraphs (A) and (B), below.

   A. Denies each and every allegation contained in Paragraph 15(A) of the Amended Complaint, except admits that on or about January 13, 2012, a meeting occurred between Plaintiff, District Manager Kim Nentwig, and Digital Learning Consultant Lorie Coates.

   B. Denies each and every allegation contained in Paragraph 15(B) of the Amended Complaint, except admits that on or about January 31, 2012, Manager Elizabeth Wildes and LSC Bridget Hannenberg attended a work-related conference in Pittsburg, Pennsylvania.

16. Denies each and every allegation contained in Paragraph 16 of the Amended Complaint.

## COUNT III
## TITLE VII DISCHARGE

MHE incorporates by reference its answers to the allegations contained in Paragraphs 1 through 16 set forth above as though fully set forth herein.

17. Denies each and every allegation contained in Paragraph 17 of the Amended Complaint, except admits that, on or about March 8, 2012, Ms. Wildes notified Plaintiff that he was being "placed on Written Warning" indefinitely for failure to meet performance expectations.

18. Denies each and every allegation contained in Paragraph 18 of the Amended Complaint, except as expressly stated in sub-paragraphs (A) through (D) below, and except admits that, on April 26, 2012, Ms. Wildes notified Plaintiff that he was terminated due to his performance.

1178/51651-012 current/42585203v6

   A. Denies each and every allegation contained in Paragraph 18(A) of the Amended Complaint, except admits that Ms. Wildes refused to identify by name any of the employees who had stated a concern or complained about Plaintiff and/or his job performance.

   B. Denies each and every allegation contained in Paragraph 18(B) of the Amended Complaint.

   C. Denies each and every allegation contained in Paragraph 18(C) of the Amended Complaint, except admits that Plaintiff was required to submit different trip reports than other LSCs due to his placement on a Written Warning.

   D. Denies each and every allegation contained in Paragraph 18(D) of the Amended Complaint.

  19. Denies each and every allegation contained in Paragraph 19 of the Amended Complaint.

  20. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Amended Complaint.

  21. Denies each and every allegation contained in Paragraph 21 of the Amended Complaint.

**COUNT IV**
**SECTION 1981 CLAIM**

  22. Defendant repeats and realleges its answers and responses to Paragraphs 1 through 21 of the Amended Complaint as though fully set forth herein.

  23. Admits the allegations contained in Paragraph 23 of the Amended Complaint.

  24. Denies each and every allegation contained in Paragraph 24 of the Amended Complaint.

1178/51651-012 current/42585203v6

25. Denies each and every allegation contained in Paragraph 25 of the Amended Complaint.

26. Denies each and every allegation contained in Paragraph 26 of the Amended Complaint.

## COUNT IV
## MISSOURI HUMAN RIGHTS ACT CLAIM

27. Defendant repeats and realleges its answers and responses to Paragraphs 1 through 26 of the Amended Complaint as though fully set forth herein.

28. Denies each and every allegation contained in Paragraph 28 of the Amended Complaint, except admits that Plaintiff purports to bring a claim pursuant to the Missouri Human Rights Act, RSMo § 213 *et seq*.

29. Denies each and every allegation contained in Paragraph 29 of the Amended Complaint.

30. Denies each and every allegation contained in Paragraph 30 of the Amended Complaint.

31. Denies each and every allegation contained in Paragraph 31 of the Amended Complaint.

Plaintiff's WHEREFORE clause states a demand to which no answer is required.  To the extent a response is necessary, Defendant denies that Plaintiff is entitled to a jury trial on the issue of front or back pay.

## AFFIRMATIVE DEFENSES

MHE has undertaken in good faith to list below all of the affirmative defenses it may have with respect to Plaintiff's Amended Complaint.  MHE reserves the right to reevaluate, restate, retract and/or assert additional defenses to Plaintiff's claims to the extent such cannot be

specifically identified at this time. Pursuant to the Federal Rules of Civil Procedure, MHE hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

32. The Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded.

### SECOND AFFIRMATIVE DEFENSE

33. Plaintiff has failed to make reasonable efforts to mitigate his damages, if any, as required by law.

### THIRD AFFIRMATIVE DEFENSE

34. Plaintiff is not entitled to recover any exemplary or punitive damages because, *inter alia*, Defendants had an antidiscrimination policy in place and did not commit, ratify, authorize, or acquiesce in any malicious, willful, or reckless act.

### FOURTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred because at all relevant times Defendants have acted in good faith toward Plaintiff, and any actions taken toward Plaintiff were for legitimate, non-discriminatory, and non-retaliatory business reasons.

### FIFTH AFFIRMATIVE DEFENSE

36. To the extent that Plaintiff alleges and proves that Defendant was motivated in part by unlawful reasons (which Defendant denies), Defendant is entitled to judgment in its favor because it would have taken the same actions with respect to Plaintiff for lawful, non-discriminatory, non-retaliatory reasons.

1178/51651-012 current/42585203v6

WHEREFORE, Defendant McGraw-Hill Global Education Holdings, LLC  respectfully requests a judgment dismissing Plaintiff's Amended Complaint and awarding MHE costs, interest, attorneys' fees and such other and further relief as the Court deems just and proper.

Dated:  April 17, 2014                                        Respectfully submitted,

**DENTONS US LLP**

By: */s/ Stephen H. Rovak*
Stephen H. Rovak, #22328MO
One Metropolitan Square
211 N. Broadway, Suite 3000
St. Louis, MO 63102-2741
Tel: 314-259-5886
Fax: 314-259-5959
Email: stephen.rovak@dentons.com

**PROSKAUER ROSE LLP**

By: */s/ Gregory I. Rasin*
Gregory I. Rasin, *admitted pro hac vice*
Nathaniel M. Glasser, *admitted pro hac vice*
Eleven Times Square
New York, NY 10036
Tel: 212-969-3000
Fax: 212-969-2900
Email:  grasin@proskauer.com
Email:  nglasser@proskauer.com

*Attorneys for Defendant*

-9-

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 18th day of April 2014, a copy of the foregoing was served by operation of the Court's electronic filing system to the following attorney of record:

Melvin L. Raymond
4387 Laclede Ave., Suite A
St. Louis, Missouri 63108
mraymondattorney@sbcglobal.net


                                                 *s/ Stephen H. Rovak*

1178/51651-012 current/42585203v6